IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| LMMC, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 1:23-cv-00950 |
| | ) | |
| CALCIUM, LLC | ) | Hon. Charles P. Kocoras |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS COMPLAINT

NOW COMES, Calcium, LLC, (hereinafter "Defendant" or "Calcium") by and through its attorneys, Konstantinos Sparagis of the Law Offices of Konstantine Sparagis, P.C and George Georgopoulos, Esq. and for Defendant's Motion to Dismiss Count I of the Complaint ("Motion"), pursuant to Federal Rule of Civil Procedure 12(b)(6) Defendant states as follows:

### Introduction

LMMC, LLC's ("Plaintiff" or "LMMC") claim under Count I for fraudulent inducement is nothing more than its breach of contract claim repackaged as a fraud and pleaded without the necessary specificity for fraud claims under Rule 9(b). Indeed, the sole allegations of fraud occurring at or prior to the time of the parties' contract are found in Paragraphs 10 and 11 of the Complaint. There, Plaintiff asserts in the most perfunctory manner as follows:

> 10. Defendant held itself out as a competent and experienced software solution provider with particular experience in the healthcare industry.
>
> 11. Defendant represented, promised and assured LMMC that Defendant's Calcium Platform software suite was specifically designed for health care providers, fully compatible with common health care industry information platforms like eCW, and would integrate seamlessly with LMMC's existing information management system.

In the first instance, these allegations are unactionable opinion. Second, the foregoing allegations including allegations found in Paragraphs 12 and 33 related to the Plaintiff's allegations of justifiable

reliance fall woefully sort of the specificity required to meet the heightened pleading standards under Rule 9(b) of the Federal Rules of Civil Procedure for claims based on fraud. F.R.C.P. 9(b). Indeed, they fail to allege the basic "who, what, when, where, and how" as mandated by courts in this jurisdiction. *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services, Inc.,* 536 F.3d 663, 668 (7th Cir.2008). Here, Defendant is unable to discern who allegedly made these statements, to whom they were made, or when which are material to their claim and fails to apprise the Defendant with the requisite specificity and notice necessary to answer the Complaint.

Further, the claim is barred because fraud claims that are simply restated breach of contract claims arising out of unfulfilled future promises do not state claims for fraud. *Bower v. Jones,* 978 F.2d 1004, 1012 (7th Cir.1992) (holding that proof that a promise was not kept "alone is insufficient to make out a claim of promissory fraud, since there is no proof that the defendants made the promise never intending to keep it"). *Assn. Ben. Services, Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 853 (7th Cir. 2007).

## **Underlying Facts**

Plaintiff has filed a complaint ("Complaint") against the Defendant asserting in Count I a claim for fraudulent inducement arising out of an agreement dated June 30, 2022 (hereinafter "Agreement") pursuant to which Defendant would license to Plaintiff its online platform allowing Plaintiff to communicate with its customers. (Compl. ¶ 9 & 13). As part of the services to be performed, the platform was to provide "access to the Calcium's main mobile applications and web-based software solution (the 'Solution')," which was to include various products including Calcium Core, Calcium Studio, Calcium App and Third Party data. (Compl. ¶ 14).

Plaintiff alleges cryptically that it began negotiations with Calcium in 2022 and that Calcium held itself out as a competent and experienced software solution provider with particular experience in the healthcare industry. (Compl. ¶ 9&10). Further, the Plaintiff alleges that Calcium represented,

promised and assured Plaintiff that Calcium's software was specifically designed for health care providers and compatible with common health care industry platforms like eCW and would integrate seamlessly with LMMC's existing information management system. (Compl. ¶ 11). These allegations, besides being conclusory, fail to identify the dates or the parties who made or received these representations. Indeed, the sole allegations concerning any alleged misrepresentations by Calcium to allegedly induce Plaintiff to enter into the Contract are found in Paragraphs 10 and 11 and state as follows:

> 10. Defendant held itself out as a competent and experienced software solution provider with particular experience in the healthcare industry.
>
> 11. Defendant represented, promised and assured LMMC that Defendant's Calcium Platform software suite was specifically designed for health care providers, fully compatible with common health care industry information platforms like eCW, and would integrate seamlessly with LMMC's existing information management system.

The Agreement includes the following integration and merger clauses under the Miscellaneous section of the Agreement which provide that the Agreement and Order:

> "contain[s] the entire agreement of the Parties with respect to the subject matter hereof and supersedes all prior understandings or agreements with respect to such subject matter. This Agreement may be modified only by a writing that is duly executed by both parties."

Plaintiff devotes much time asserting breaches of various representations and warranties in its Complaint, but the sole warranty under the Agreement provides in its entirety that:

> **Warranties.** CALCIUM REPRESENTS AND WARRANTS THAT THE SOLUTION AND THE UNDERLYING SOFTWARE SHALL OPERATE IN ALL MATERIAL RESPECTS WITH ANY APPLICABLE DOCUMENTATION AND ALL SERVICES SHALL BE PERFORMED IN A PROFESSIONAL AND WORKMANLIKE MANNER. EXCEPT FOR THE FOREGOING WARRANTY, THE SOLUTION, THE UNDERLYING SOFTWARE AND ALL RELATED DOCUMENTATION, MATERIALS AND SERVICES ARE BEING "AS IS" AND CALCIUM HEREBY DISCLAIMS ALL OTHER WARRANTIES, WHETHER EXPRESS, IMPLIED, STATUTORY OR OTHERWISE, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, TITLE, NON-INFRINGEMENT, OR ARISING FROM COURSE OF DEALING, USAGE OR TRADE PRACTICE. *See* **Exhibit A**.

Plaintiff alleges that Calcium breached various promises and warranties in the Agreement – but the parties' Agreement limits Calcium's warranties to performing the work in a workmanlike manner and in conformity with any applicable documentation. (Compl. ¶ 16) In exchange for the services, Plaintiff paid Calcium $97,466.67 for which Plaintiff asserts it received no benefit. (Compl. ¶ 17 & 18).

The Complaint goes on to allege that in July 2022 (after the date of the Contract), Calcium commenced the work, and through October and November 2022 that the platform was not performing as Plaintiff expected asserting a variety of technological incompatibilities. (Compl. ¶ 19 – 23). Further, that "despite repeated attempts to resolve the issues," Calcium was unable to provide full functionality of the services. (Compl. ¶ 24). Ultimately, Plaintiff concludes that Calcium had shown a complete lack of understanding of the services it promised to provide LMMC and that Calcium lacked the technical ability to provide the services it promised and lacked the experience or ability to provide the services at the time it made such representations concluding that those representations were false. (Compl. ¶ 25 & 26).

**Standards on Motion to Dismiss**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). Further, "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with *particularity*,' … [and] must 'state the time, place and content' of the alleged communications perpetrating the fraud." *Grau Mill Dev. Cop. v. Colonial Bank & Trust Co. of Chicago*, 927 F.2d 988, 992-93 (7th Cir. 1991) citing to *U.S. Textiles Inc. v. Anheuser Busch Cos.*, 911 F.2d 1261, 1268 n. 6 (7th

Cir. 1984), aff'd on other grounds, 473 U.S. 606, 105 (1985). "'Cryptic statements' suggesting fraud are not enough; '[m]ere allegations of fraud …, averments to conditions of mind, or references to plans and schemes are too conclusional to satisfy the particularity requirements.'" *Flynn v. Merrick*, 881 F.2d 446, 449 (7th Cir. 1989) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985)). Rather, pleadings must "state the 'specific content of the false representations as well as the identities of the parties to the misrepresentation.'" *Moore*, 885 F.2d at 540; *see also Skycom Corp. v. Telstar Corp.*, 813 F.2d 810, 818 (7th Cir. 1987).

The heightened pleading requirements insure that defendants have fair notice of plaintiffs' claims and grounds, providing defendants an opportunity to frame their answers and defenses. *Reshal Assocs., Inc. v. Long Grove Trading Co.*, 754 F.Supp. 1226, 1230 (N.D.Ill.1990). This heightened pleading standard applies to all "averments of fraud," regardless of whether those averments pertain to a "cause of action" for fraud. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007).

## Argument

### I. The Plaintiff's Complaint Fails Plead a Claim for Fraudulent Inducement

Under Illinois law, fraudulent inducement requires the pleading of five elements: (1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance. *Hoseman v. Weinschneider*, 322 F.3d 468 (7th Cir. 2003). Here, Plaintiff's claims fail because they are unactionable opinion and not pled with sufficient specificity to meet the heightened pleading requirements of Rule 9(b).

#### A. Opinions are Not Actionable Fraud

Opinions are not actionable as fraud because opinions are not facts upon which a party can justifiably rely. Under Illinois law, fraud claims cannot be based on a matter of opinion; that is, a

statement of the maker's judgment as to quality, value, or similar matters as to which opinions may be expected to differ. *Dvorkin v. Soderquist*, 208 N.E.3d 445, 465 (Ill. App. 1st Dist. 2022) citing *Abazari v. Rosalind Franklin University of Medicine & Science*, 2015 IL App (2d) 140952, ¶ 19, 396 Ill.Dec. 611, 40 N.E.3d 264. This is precisely the umbrella that the Plaintiff's allegations regarding Calcium's "experience" and "competence" or that its systems would be "fully compatible" and "integrate seamlessly" with the Plaintiff's systems as asserted in Paragraphs 10 and 11 of the Complaint fall under.

In *Arbor*, the plaintiff hired an employee based on the defendant's recommendation which stated that the prospective employee was "intelligent, industrious and innovative young man." *Neptuno Treuhand-Und Verwaltungsgesellschaft Mbh v. Arbor*, 295 Ill. App. 3d 567, 571, 692 N.E.2d 812, 816 (1998). There, the district court relying primarily on the Restatement of Torts dismissed the claims and was affirmed on appeal because the statements made about the employee were in the nature of opinion and incapable of precise meaning because they were statements as to quality and too amorphous and subjective to be actionable. *Id* at 572. There, the court analogized the statements to those in *Continental Bank* where reference to horses as being of the "highest quality" and the management "competent." *Continental Bank v. Meyer,* 10 F.3d 1293 (7th Cir.1993); and *Nanlawala* in which statements pertaining to a trader's "expertise" were not actionable *Nanlawala v. Jack Carl Associates, Inc.,* 669 F.Supp. 204, 207 (N.D.Ill.1987). *Id*. at 572. These statements are similar to the Plaintiff's allegations here, and respectfully, the same result should follow.

The Plaintiff's allegations that the Defendant held itself out as "competent and experienced" software solution provider or that their platform would be "fully compatible" or "integrate seamlessly" (if such statements were made at all) are in the nature of opinion or puffery - not fact, and therefore, not actionable fraud.

**B. Fraud Not Pled with Requisite Specificity**

The fraud allegations set forth in Plaintiff's Complaint are not only opinions, but conclusions which are not remotely pleaded with the specificity required to meet the heightened pleading standards under *Iqbal* and *Twombly*. Indeed, "labels and conclusions" including a "formulaic recitation of the elements of a cause of action will not do. " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

Here, Plaintiff engages in precisely the type of conclusory and formulaic pleading prohibited under Rule 9(b) by failing to allege the basic facts including the "who, what, when, where, and how" as mandated by courts in this jurisdiction. *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services, Inc.,* 536 F.3d 663, 668 (7th Cir.2008); see also, *Walton v. Bayer Corp. (In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.)*, 692 F. Supp. 2d 1025, 1038 (S.D. Ill. 2010) (requiring that when misrepresentations are asserted they must include when they were made, who made the misrepresentations and to whom they were made.).

The Defendant is unable to discern who allegedly made the statements in Paragraph 10 and 11 (or any of the other allegations regarding affirmative misrepresentations littered throughout the Complaint), to whom they were made, when they were made, whether they were written or verbal, and expressed or implied. They are intentionally drafted vaguely and ambiguously without attribution to be virtually unverifiable.

Affirmative misrepresentations require that the defendant made a false statement and it is not enough to assert that the plaintiff inferred or perceived a false implication in the defendant's statement. *Mullen v. GLV, Inc*., 488 F. Supp. 3d 695, 707 (N.D. Ill. 2020) (applying Illinois law). But that is one of the predicaments faced here. There is no source for the alleged representations including whether they were express or implied and the allegations are not pleaded with sufficient detail to put Defendant on notice of the specific offending conduct.

Plaintiff's Complaint attempts to back into their fraud claim by asserting representations and warranties not contained in a fully integrated contract. Respectfully, while the Plaintiff is not required to prove their case at the pleading stage, the Plaintiff must provide the details regarding the misrepresentations so as to put the Defendant on adequate notice of their claims.

*Acoustical Surfaces, Inc. v. Vertetek Corp*., No. 13-CV-4837, 2014 WL 3452986, at *2 (N.D. Ill. July 15, 2014) is instructive on the point. There, the defendant's counterclaim asserted fraud containing the following allegations:

> 7. In inducing Vertetek to enter into a distribution relationship with Acoustical, Mr. Anderson ("Anderson") provided representatives of Vertetek with various photographs and web pages of Acoustical's distribution facilities throughout the United States, including but not limited to facilities in Arizona, California, Texas and Minnesota.
>
> 33. Furthermore, Acoustical knowingly made false representations to Vertetek regarding its ability to distribute Vertetek's products throughout the Territory by, inter alia, providing Vertetek with photographs of its various distribution facilities throughout the United States.

*Id*. at *3.

There, the court dismissed the complaint relying on *Viacom v. Habridge Merchant Servs, Inc.,* 20 F.3d 771, 777 (7th Cir. 1994) stating the caselaw and commentary regarding Rule 9(b) agree that the Rule requires the party to state "the identity of the person who made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Id*. at *3.

Here, the Plaintiff's allegations regarding affirmative misrepresentations including in Paragraphs 10 and 11 are similarly devoid of the of the specific material facts necessary to allow the Defendant to formulate and answer or defense. These allegations are simply too general and fail to adequately put the Defendant on notice of the claims leaving Defendant to guess at critical aspects of the Plaintiff's vague allegations.

### C. Justifiable Reliance Not Pleaded with Necessary Specificity

Plaintiff addresses the element of its reliance in only two discrete paragraphs, specifically, Paragraphs 12 and 33. Here, the Plaintiff asserts in the most perfunctory manner as follows:

> 12. Relying upon Defendant's representations, LMMC elected to purchase a license to use the Calcium Platform software suite and related services from Defendant ("Solution").
>
> 33. LMMC reasonably relied upon the representations made by Defendant concerning the suitability and capabilities of Defendant and its Solution when it entered into the Agreement. But for Defendant's representations regarding its capabilities and the capabilities of the Solution, LMMC would not have entered into the Agreement.

The allegations regarding reliance are pleaded without any of the specificity required under the Federal Rule 9(b) pursuant to which only intent may be alleged generally. Here, Plaintiff alleges broadly without specifying when, that that the parties were introduced and engaged in negotiations sometime in 2022 which culminated in their signed agreement on June 30, 2022 (Compl. ¶ 9 & 13). These allegations along with the general averment that LMMC "reasonably relied" on the generalized representations and warranties outside the parties' Agreement outlined in I.B above fail to plead justifiable reliance with the requisite specificity to put the Defendant on notice of the claim.

### II. Plaintiff's Fraud Claims are Duplicative of its Breach of Contract Claims

Plaintiff's fraud claims are little more than a breach of contract claim disguised as a fraudulent inducement claim under Count I. Indeed, except for the allegations in Paragraphs 10 and 11, the remainder of Plaintiff' allegations are directed to the Defendant's performance following the execution of the parties' Agreement. This jurisdiction expressly rejects as a basis for fraud both representations of future conduct or the representation of an existing intent to do or perform in the future as a basis for fraud. *Mudd v. Ford Motor*, 178 Fed. Appx. 545, 547 (7th Cir. 2006). *See also*, *Vaughn v. Gen. Foods*, 797 F.2d 1403, 1411 (7th Cir. 1986). These are precisely the nature of the Plaintiff's allegations here – that Calcium was incapable of performing its agreement in the future.

In *Stewart-Warner Corp.*, the defendant, Remco, filed a counterclaim alleging that it was fraudulently induced to continue an exclusive agreement whereby Stewart-Warner would supply defendant television sets. Remco asserted that it was falsely represented to Remco as the exclusive distributor of Stewart-Warner products in the Chicago area, that it would supply Remco certain quantities of merchantable television sets when Stewart-Warner knew it could not perform due to a strike by one of its suppliers. *Stewart-Warner Corp. v. Remco, Inc.*, 205 F.2d 583, 584–85 (7th Cir. 1953). The district court dismissed the fraud claim which was affirmed on appeal, in part, on the basis that "under Illinois law, 'fraud in the inducement must be based upon a misrepresentation of fact and cannot rest on a false promise to do an act in the future, ***even though accompanied by an intention not to perform.***'" *Id*. at 587. In short, even if Stewart-Warner knew that it might not or could not perform under the agreement, Remco was limited to its contract recovery and not recovery under fraud.

While Defendant disputes the allegations of the Complaint, particularly, regarding its wholesale inability to perform as posited by Plaintiff, even assuming arguendo that this Court accepts such allegations are true, there cannot lie an actionable fraud because all of the allegations for fraud are predicated upon the Defendant's asserted inability to perform under the parties' agreement. Even if the Court were to accept the Plaintiff's self-serving allegations that the Defendant was incapable of performing under the Contract and thus, had no intention to perform its agreement, its performance or failure of performance were based on promises of future conduct and are not actionable as fraud in the inducement. *Cerabio LLC v. Wright Medical Tech*, *Inc.*, 410 F.3d 981, 990 (7th Cir. 2005).

## Conclusion

WHEREFORE, the Defendant prays that Count I of the Plaintiff's Complaint be dismissed in its entirety with prejudice, and for such further relief in Defendant's favor as is just and reasonable. Further, Defendant requests that the time to answer or otherwise plead to the remaining counts of the

Complaint be extended pursuant to Rule 12(a) for a period fourteen days following this Court's disposition of this Motion.

                                                                     Respectfully submitted,

                                                                     **Calcium, LLC**

                                                                     By:/s/ Konstantinos Sparagis
                                                                     One of Defendant's Attorneys

Konstantinos Sparagis (#6256702)
Law Offices of Konstantine Sparagis, P.C.
900 West Jackson Blvd., Suite 4E
Chicago, Illinois 60607
(312) 753-6956
gus@konstantinelaw.com

                                                                    By: /s/George Georgopoulos
                                                                     One of Defendant's Attorneys

George Georgopoulos, Esq. (#6296573)
500 Lake Cook Road, Suite 350
Deerfield, Illinois 60015
312-523-3199
gg@dracolaw.com